# FIVE64 TRUST AGREEMENT

This Five64 Trust Agreement (this "Agreement") is made by and among Five64, LLC and 64 IP Holdings, LLC (collectively, the "Debtors") and Scott M. Seidel (in his capacity as trustee, the "Creditor Trust Trustee") for the benefit of the Beneficiaries (as defined below).

## RECITALS

A.  On August [●], 2023, the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), entered its *Order Confirming Debtors' Joint Consolidated Chapter 11 Subchapter V Plan of Liquidation* (the "Confirmation Order"), pursuant to which it confirmed the *Debtors' Joint Consolidated Chapter 11 Subchapter V Plan of Liquidation* (as amended and/or modified, the "Plan").

B.  This trust (the "Trust" or the "Creditor Trust") is established pursuant to the Plan as a Creditor Trust for the purpose of liquidating all Creditor Trust Assets (as determined by the Creditor Trust Trustee, including potential surrender or abandonment of assets) and to make distributions to the beneficiaries of the Creditor Trust.

C.  Capitalized terms used in this Agreement and not defined herein have the meanings ascribed to them in the Plan, or if not defined in the Plan, the meanings ascribed to them in the Bankruptcy Code.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and in the Plan; the Debtors and the Creditor Trust Trustee agree as follows:

## ARTICLE I.
## DEFINITIONS

1.01  Definitions.

"Beneficiaries" means the holders of Allowed Claims in Class 1, Class 2, Class 3, Class 4, and Class 5 subject to the liens and priorities as otherwise specified in the Plan. Holders of Class 6 Equity Interests shall not be beneficiaries of the Creditor Trust and shall have no rights as such, except for a possible distribution as set forth in Section 5.3.6 of the Plan.

"Distribution" means a distribution of property to a Beneficiary pursuant to this Agreement.

"Creditor Trust Assets" shall mean, except as otherwise provided in the Plan, all property vested in the Consolidated Estate as provided for in section 5.1 of the Plan; and the Plan Funding.

## ARTICLE II.
## PURPOSE OF THE TRUST

2.01  Purpose.  The Trust shall be established for the sole purpose of liquidating the Creditor Trust Assets, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to

continue or engage in the conduct of any trade or business.  Accordingly, the Creditor Trust Trustee shall, in an expeditious but orderly manner, administer the Creditor Trust Assets, by, among other things, liquidating and converting to cash the Creditor Trust Assets, making timely Distributions as provided for herein and in the Plan, and not unduly prolonging the duration of the Trust.

## ARTICLE III.
## ESTABLISHMENT OF THE TRUST

3.01    Name of the Trust. The name of the Trust shall be the Five64 Creditor Trust (referred to herein as the "Trust" or the "Creditor Trust").

3.02    Transfer of Creditor Trust Assets to the Trust.  Except as otherwise provided by the Plan or this Agreement, on the Effective Date, the Creditor Trust Assets shall be deemed transferred to the Trust free and clear of all liens, Claims, and interests, in accordance with Section 1141 of the Bankruptcy Code.

3.03    Title to the Creditor Trust Assets.  The Creditor Trust Trustee shall hold title to the Creditor Trust Assets for the benefit of the Beneficiaries, subject to the terms of the Plan and this Agreement.  The Creditor Trust Assets will be treated for tax purposes as being transferred by the Debtors to the Beneficiaries, and then by such Beneficiaries to the Trust in exchange for interests (the "Creditor Trust Beneficial Interests") for the benefit of such holders in accordance with the Plan.  Accordingly, the holders of the Creditor Trust Beneficial Interests as of the Effective Date shall be treated for federal income tax purposes as the grantors and owners of their respective shares of the Trust.  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local and tax purposes.

3.04    Appointment of the Creditor Trust Trustee. Pursuant to the Plan, Scott M. Seidel has been designated to serve as the Creditor Trust Trustee, and he hereby accepts such appointment and agrees to serve in such capacity, as of the Effective Date.  The Creditor Trust Trustee shall be deemed to be appointed pursuant to Bankruptcy Code section 1123(b)(3)(B).

3.05    Rights of Debtors.  On the Effective Date, the Creditor Trust Trustee shall succeed to all of the Debtors' right, title, and interest in the Creditor Trust Assets, but subject to the terms of the Plan and this Agreement, and the Debtors shall have no further interest in, or with respect to, the Creditor Trust Assets or this Trust, and the Creditor Trust Trustee shall be vested with all rights and discretion regarding the Creditor Trust Assets.  In no event shall any part of the Creditor Trust Assets revert to or be distributed to the Debtors.

3.06    Non-transferability. The beneficial interests in the Creditor Trust shall be non-transferable, except upon the Creditor Trust Trustee's written consent, which may be withheld for any reason in the Creditor Trust Trustee's sole and absolute discretion.

## ARTICLE IV.
## THE TRUSTEE

4.01    Authority of the Creditor Trust Trustee. The Creditor Trust Trustee is hereby empowered to, subject to the limitations set forth in this Agreement, take any and all actions to effectuate the purpose of the Trust.  Without limiting the generality of the previous sentence, and in addition to

the rights, duties, and powers set forth in section 5.3.2 of the Plan, the Creditor Trust Trustee shall have the power to, for the benefit of the Beneficiaries and without the need for authorization from the Bankruptcy Court:

(i) open and maintain bank accounts in the name of the Creditor Trust, draw checks and drafts thereon on the sole signature of the Creditor Trustee, and terminate such accounts as the Creditor Trustee deems appropriate;

(ii) execute any documents and pleadings and take any other actions related to or in connection with the liquidation of the Creditor Trust Assets and Causes of Action (including Avoidance Actions) and the exercise of the Creditor Trustee's powers granted by the Plan and this Agreement, including, but not limited to, the exercise of the Debtors' rights to conduct discovery and oral examination of any Person under Rule 2004 of the Federal Rules of Bankruptcy Procedure;

(iii) protect and enforce the rights to the Trust Assets vested in the Creditor Trust by this Agreement by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(iv) pay any and all expenses and make all other payments in connection with the Creditor Trust without further order of the Bankruptcy Court;

(v) liquidate and monetize all Creditor Trust Assets;

(vi) sue in the name of the Creditor Trust and prosecute and recover for the Creditor Trust Causes of Action otherwise transferred to the Creditor Trust under the Plan and including, without the need for special pleadings or filings, substituting for the Debtors or the Estates in any pending matter pending anywhere;

(vii) otherwise manage the Creditor Trust Assets;

(viii) object to any Claim that attaches to the Creditor Trust and is to be paid under the Creditor Trust;

(ix) purchase insurance for the Creditor Trust and its fiduciaries;

(x) invest any property of the Creditor Trust; and

(xi) otherwise represent the Creditor Trust in any and all matters affecting the Creditor Trust.

4.02    Limitations on Creditor Trust Trustee's Authority.

(i) The Creditor Trust Trustee is not authorized to engage in any trade or business with respect to the Creditor Trust Assets and shall engage only in activity reasonably necessary to, and consistent with, the liquidating purpose of the Trust. All actions taken by the Creditor Trust Trustee shall be consistent with the expeditious but orderly liquidation of the Creditor Trust Assets

as is required by applicable law and consistent with the treatment of the Trust as a Creditor Trust under Treasury Regulation Section 301.7701-4(d).

(ii)    In all circumstances, the Creditor Trust Trustee shall act in the best interests of all Beneficiaries and in furtherance of the purpose of the Trust.

(iii)   The Creditor Trust Trustee shall liquidate and convert to cash the Creditor Trust Assets in an expeditious but orderly manner, make timely Distributions, and not unduly prolong the duration of the Trust.

(iv)    Any investments of the cash portion of the Creditor Trust Assets by the Creditor Trust Trustee must be permitted investments for a Creditor Trust within the meaning of Treasury Regulation Section 301.7701-4(d), or under applicable Internal Revenue Service guidelines, rulings, or other controlling authority.

4.03    Discretion.  Subject to express provisions of this Agreement and the Plan, the Creditor Trust Trustee shall have absolute discretion to pursue, or not pursue, any and all claims, rights, or Causes of Action as he determines is in the best interests of the Beneficiaries and consistent with the purposes of the Trust and shall not have liability for the outcome of his or her decisions.  The Creditor Trust Trustee may incur any reasonable and necessary expenses in liquidating and converting the Creditor Trust Assets to cash.

4.04    Retention of Professionals.  The Creditor Trust Trustee may retain and reasonably compensate counsel and other professionals to assist in his duties as Creditor Trust Trustee on such terms as the Creditor Trust Trustee deems appropriate without Bankruptcy Court approval.  The Creditor Trust Trustee may retain any professional who represented parties-in-interest in the Bankruptcy Case.  The Creditor Trust Trustee shall be entitled to rely, in good faith, on the advice of his retained professionals.

4.05    Liability of Trust Officials.  Neither the Creditor Trustee, nor the employees, professionals, agents, and representatives of the Trust or the Creditor Trustee (collectively, the "Covered Persons"), shall be held liable for actions taken or omitted in their capacity as, or on behalf of, the Trust or Creditor Trustee, except those acts arising out of their own willful misconduct, gross negligence, or fraud, and each shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of their actions or inactions in their capacity as, or on behalf of, the Trust or Creditor Trustee, except for any actions or inactions involving willful misconduct, gross negligence, or fraud.  All Persons dealing with the Creditor Trustee shall look only to the Creditor Trust Assets to satisfy any liability incurred by the Creditor Trustee in carrying out the terms of this Agreement, and, subject to the preceding portions of this section, none of the Covered Persons shall have any personal obligation to satisfy any such liability.

4.06    Compensation of the Creditor Trust Trustee and Other Employees.  The Creditor Trust Trustee shall be compensated hourly at a rate of $500.00/hour and shall be entitled to reimbursement of all reasonable expenses incurred by the Creditor Trust Trustee in discharging his or her duties hereunder.  The Creditor Trust Trustee may pay his or her compensation and other costs and expenses of the Trust before approving or making any Distributions to the Beneficiaries.

4.07   Exculpation; Indemnification.  All of the Covered Persons shall be, and hereby are, exculpated by all Persons, including the Beneficiaries, from any and all claims, causes of action, and other assertions of liability arising out of the discharge of the powers and duties conferred upon them by the Plan, this Agreement, or any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, or by applicable law, except for actions or omissions that are determined by a Final Order to have arisen out of their own willful misconduct, gross negligence, or fraud.  No Person shall have, or be permitted to pursue, any claim or cause of action against any of the Covered Persons for making payments in accordance with the Plan or for implementing any other provision of the Plan.   To the fullest extent permitted by applicable law, the Trust shall: (i) indemnify, defend, and hold harmless the Covered Persons from and against any and all losses, claims, damages, liabilities, and expenses, including, without limitation, reasonable attorneys' fees, disbursements, and related expenses that the Covered Persons may incur or to which the Covered Persons may become subject in connection with any actions or inactions in their capacity as such, except for actions or inactions involving willful misconduct, gross negligence, or fraud; and (ii) the Covered Persons shall be entitled to obtain advances from the Trust to cover their reasonable fees and expenses incurred in defending any such actions or inactions.  The foregoing indemnity in respect of any Covered Person shall survive the termination of such Covered Person from the capacity for which they are indemnified.

4.08   Termination.  The duties, responsibilities, and powers of the Creditor Trust Trustee shall terminate on the date the Trust is dissolved, provided that Sections 4.05–4.07 shall survive such termination and dissolution.

4.09   Resignation, Death, or Removal.  The Creditor Trust Trustee or any successor trustee may resign upon thirty (30) days' notice by an instrument in writing signed by the Creditor Trust Trustee and filed with the Bankruptcy Court.  The Creditor Trust Trustee or any successor may be removed at any time with or without cause by the Bankruptcy Court.  Any Beneficiary may apply to the Bankruptcy Court for an order removing the Creditor Trust Trustee for cause, with the determination of cause left to the reasonable discretion of the Bankruptcy Court.  In the event of the removal of the Creditor Trust Trustee, the Creditor Trust Trustee shall be entitled to immediate payment of all compensation earned through and including the effective date of such removal.  "Cause" as used in this paragraph means fraud, gross mismanagement, or material failure to comply with the terms of this Agreement.

4.10   Successor Trustee.  In the event of resignation, death, or removal, as provided herein; the Debtors may designate a successor trustee to perform the duties, functions, and obligations, and to exercise the rights and authority of Creditor Trust Trustee, as described in the Plan and this Agreement.  Any successor to the initial Creditor Trust Trustee shall execute an instrument accepting such appointment and shall file such acceptance with the Trust records and file it with the Bankruptcy Court.  In the event the Debtors are unable or unwilling to appoint a successor trustee, any Beneficiary may petition the Bankruptcy Court to make such appointment.

## ARTICLE V.
## DISTRIBUTIONS

5.01   Distributions to Beneficiaries.  The Creditor Trust Trustee shall distribute cash in accordance with the Plan and this Agreement, beginning on the Effective Date or as soon thereafter

as is practicable, from the Creditor Trust Assets on hand (including any cash received from the Debtors on the Effective Date), except such amounts: (i) as would be distributable to a holder of a disputed Claim if such disputed Claim had been Allowed, prior to the time of such Distribution (but only until such Claim is resolved); (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Creditor Trust Assets during litigation; (iii) to pay reasonable expenses (including, but not limited to, any taxes imposed on the Creditor Trust or in respect of the Creditor Trust Assets); and (iv) to satisfy other liabilities incurred by the Creditor Trust in accordance with the Plan or this Agreement. The timing and amount of each Distribution by the Creditor Trust Trustee shall be determined by the Creditor Trust Trustee in his sole and absolute discretion and shall be consistent with the terms set forth in the Plan, any applicable order of the Bankruptcy Court, and this Agreement.

5.02    Priority of Distribution of Creditor Trust Assets. The Creditor Trust, through the Creditor Trust Trustee, shall be responsible for distributing Creditor Trust Assets, or the proceeds thereof, on account of the following Claims or Interests (in the order of priority shown): to satisfy outstanding Allowed Class 1, Class 2, Class 3, Class 4, Class 5 Claims under the Plan, pro rata. For the avoidance of doubt, all expenses of the Creditor Trust that are directly related to the administration of the Creditor Trust Assets shall be taxed against the gross proceeds of the Creditor Trust Assets and shall be satisfied prior to any subsequent Distributions. Other than the enumerated claims, no claims against the Debtors or their Estates shall be charged against the Creditor Trust.

5.03    Distributions to Class 6 Equity Interests. The Creditor Trust Trustee shall, as soon as practicable, determine the amount of potential Allowed Claims (including Disputed Claims subject to pending objections) and costs of administering the Creditor Trust (the "Potential Trust Distributions"). At any time, to the extent the remaining Creditor Trust Assets exceed the Potential Trust Distributions, the Creditor Trust Trustee may make a distribution to the Class 6 Equity Interests. Additionally, once all Allowed Claims and costs of administering the Creditor Trust have been satisfied, the Creditor Trust Trustee shall promptly distribute all remaining Creditor Trust Assets to the Class 6 Equity Interests.

5.04    Administration of Distributions.

(i)    Manner of Payment. At the option of the Creditor Trust Trustee, any cash payment to be made hereunder may be made by a check or wire transfer.

(ii)    No Fractional Payments. Whenever a payment of a fraction of a dollar would otherwise be called for, the actual payment shall reflect a rounding down to the nearest whole dollar.

(iii)    Unclaimed Distributions. In the event any Distribution to any Beneficiary is returned as undeliverable, the Creditor Trust Trustee shall use commercially reasonable efforts to determine the current address of such Beneficiary. No additional Distribution shall be made to such Beneficiary until the Creditor Trust Trustee has determined the then-current address of such Beneficiary, at which time the Distribution shall be made to such Beneficiary. At the expiration of one (1) year after the Effective Date, all undeliverable Distributions shall be deemed unclaimed property under Section 347(b) of the Bankruptcy Code, and the Claims and beneficial interests of

the Beneficiaries that may have been entitled to such Distribution shall be discharged and forever barred. After such date, all undeliverable Distributions shall revert to the Trust and shall be redistributed in accordance with this Agreement. The Creditor Trust Trustee may, in an exercise of his business judgment, seek an order of the Bankruptcy Court deeming Distributions undeliverable prior to the expiration of one (1) year. Undeliverable Distributions attempted by the Creditor Trust Trustee as a final Distribution from the Trust but returned to the Creditor Trust Trustee shall be donated by the Creditor Trust Trustee to an organization of his choice that is exempt under Internal Revenue Code, § 501(c)(3).

(iv)    **Abandonment**. The Creditor Trust Trustee may abandon, in any commercially reasonable manner, any property that the Creditor Trust Trustee reasonably concludes is of no benefit to the Beneficiaries.

## ARTICLE VI.
## DISSOLUTION OF TRUST

6.01    Dissolution. The Creditor Trust shall dissolve upon the date on which all of the following events (each, a "Dissolution Condition," and, collectively, the "Dissolution Conditions") have occurred: (i) the Creditor Trust Assets, including Causes of Action transferred and assigned to the Creditor Trust, are fully resolved, abandoned, or liquidated in accordance with the Plan and this Agreement; (ii) all cash has been completely distributed in accordance with the Plan and this Agreement; (iii) all required tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities; and (iv) the order closing the Bankruptcy Case is a Final Order. Upon the occurrence of each of the foregoing events, the duties, responsibilities and powers of the Creditor Trust Trustee shall terminate, and the Creditor Trust Trustee shall be discharged. Except in the circumstances set forth below, the Creditor Trust Trustee shall dissolve the Creditor Trust in accordance with the provisions of this section no later than five (5) years after the Effective Date in accordance with IRS revenue procedures.

The Bankruptcy Court may extend the term of the Creditor Trust one or more times (not to exceed a total of four extensions, unless the Creditor Trust Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Creditor Trust as a grantor trust for federal income tax purposes) for a finite period, not to exceed six (6) months per extension, upon a showing of good cause and based on the particular circumstance at issue. Each such extension must be approved by the Bankruptcy Court with notice thereof to all unpaid Creditor Trust Beneficiaries.

Notwithstanding any other section of the Plan or this Agreement, it is the express intent that the Creditor Trust shall survive until each of the Dissolution Conditions has either occurred or is determined to be impracticable or impossible. To the extent that the Creditor Trust shall be deemed terminated pursuant to applicable law at any time prior to the occurrence of each Dissolution Condition, the Creditor Trust Trustee shall not be discharged, but shall have such "wind-up" powers, both express and implied, as are necessary to achieve all outstanding Dissolution Conditions, including, but, not limited to the authority to: (i) continue prosecuting any Causes of Action belonging to the Creditor Trust; (ii) continue Claim administration responsibilities set forth in the Plan; and (iii) distribute the cash proceeds of the Creditor Trust Assets in a manner consistent

with the Creditor Trust Agreement. In no event shall the Creditor Trust Beneficiaries be entitled to receive in-kind distributions from the Creditor Trust.

6.02   Post-Dissolution.  Upon dissolution, the Creditor Trust Trustee shall retain the books, records, and files that shall have been created by the Creditor Trust Trustee for a period of five (5) years, provided that at his or her sole discretion, all of such records and documents may be destroyed at any time following the dissolution of the Trust as the Creditor Trust Trustee deems appropriate (unless the records and documents are necessary to fulfill the Creditor Trust Trustee's obligations pursuant to this Agreement, in which case they shall be retained for such five (5) year period).

## ARTICLE VII.
## AMENDMENT AND WAIVER

7.01   Amendment; Waiver.  The Creditor Trust Trustee may amend, supplement, or waive any provision of this Agreement, without notice to or the consent of any Beneficiary or the approval of the Bankruptcy Court, in order to: (i) cure any ambiguity, omission, defect, or inconsistency in this Agreement; provided that such amendments, supplements, or waivers shall not adversely affect the Distributions to any of the Beneficiaries or adversely affect the U.S. federal income tax status of the Trust as a "Creditor Trust"; or (ii) comply with any requirements in connection with the U.S. federal income tax status of the Trust as a "Creditor Trust." Any substantive provision of this Agreement may be amended or waived by the Creditor Trust Trustee; *provided, however*, that no change may be made to this Agreement that would (i) adversely affect (a) the Debtors (absent the Debtors' consent), (b) the Distributions to any of the Beneficiaries, or (c) the U.S. federal income tax status of the Trust as a "Creditor Trust" or (ii) expand, add to, or modify the original stated purpose of the Trust. Notwithstanding this section, any amendments to this Agreement shall not be inconsistent with the purpose and intention of the Trust to liquidate in an expeditious but orderly manner the Creditor Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d).

## ARTICLE VIII.
## MISCELLANEOUS PROVISIONS

8.01   Intention to Establish Grantor Trust.  This Agreement is intended to create a grantor trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust, and any ambiguity herein shall be construed consistent with that intent, and, if necessary, this Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

8.02   Laws as to Construction.   Except as to formation of the Trust, which shall be deemed effective upon entry of the Confirmation Order, this Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without giving effect to the rules governing the conflict of law which would require the application of the law of another jurisdiction. In the event of any conflict between the terms of this Agreement and the terms of the Plan or Confirmation Order, the terms of the Plan shall govern.

8.03    Severability.  If any provision of this Agreement or application thereof to any person or circumstance shall be determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

8.04    Notices.  Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office box, or transmitted by telex, facsimile, or other telegraphic means, or sent by a nationally recognized overnight delivery service, addressed to the person for whom such notice is intended at the appropriate address set forth below, or such other address as may be provided to the other parties in writing.

>    If to the Creditor Trust Trustee:
>
>    Scott M. Seidel
>    6505 W Park Blvd Ste 306
>    Plano, TX 75093-6212

8.05    Notices if to a Beneficiary.  Subject to any transfer recognized by the Creditor Trust Trustee as set forth in Section 3.06 of this Agreement, any notice or other communications hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office box, or sent by a nationally recognized overnight delivery service, addressed to the person for whom such notice is intended to the name and address set forth in the case of a Beneficiary, on such Beneficiary's proof of claim, or if no proof of claim is filed, the address listed on the Debtors' Schedules or as listed in any other notice filed with the Bankruptcy Court and, if applicable, the Trust or such other means reasonably calculated to appraise the Beneficiary.

8.06    Headings.  The section headings contained herein are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or any term or provision hereof.

8.07    Plan.  The terms of this Agreement are intended to supplement the terms provided by the Plan and the Confirmation Order.  However, in the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan and the Confirmation Order, on the other hand, the provisions the Plan and Confirmation Order shall govern and control.

8.08    Entire Agreement.  This Agreement contains the entire agreement between the parties and supersedes all prior and contemporaneous agreements or understanding between the parties with respect to the subject matter hereof.

8.09    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers, effective August [●], 2023.

**Five64, LLC**

Signature: _____
Name: Hoke Smith
Title:  Chief Executive Officer

**64 IP, LLC**

Signature: _____
Name: Pamela Smith
Title:  Member

**Scott M. Seidel, Creditor Trust Trustee**

Signature: _____
Name: Scott M. Seidel